AO 91 (Rev 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
10 FEB 11 AM 9:12
SHARON L. OVINGTON
UNITED STATES
MAGISTRATE JUDGE

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. **3:10mj-037** |
| | ) | |
| HERBERT E. MILES | ) | SHARON L. OVINGTON |
| *Defendant* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of December 15, 2009 in the county of __Montgomery__ in the __Southern__ District of __Ohio__, the defendant violated __18__ U. S. C. §922(g)(1) and 924(a)(2), an offense described as follows:

having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, namely on or about March 17, 2009, in the Common Pleas Court of Franklin County, Ohio, in Case Number 08 CR 003123, of "Possession of Drugs" knowingly possessed, in and affecting commerce, a firearm.

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

DARYL S. MCCORMICK, SPECIAL AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2-11-10

_____
*Judge's signature*

City and state: DAYTON, OHIO

SHARON L. OVINGTON, MAGISTRATE JUDGE
*Printed name and title*

ATTACHMENT

AFFIDAVIT

I, Daryl S. McCormick, Special Agent (SA), being duly sworn, depose and state the following:

1. I am a Special Agent (SA) of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since July, 2002. Prior to ATF, I served for more than five years as a Patrolman and Detective with the Anderson, Indiana Police Department. I have been involved in numerous criminal investigations that have resulted in the arrest and conviction of criminal defendants. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the ATF National Academy's New Professional Training. In addition, I am a graduate of the Indiana Law Enforcement Academy.

2. I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews and reports prepared by myself and/or other law enforcement officers, communications with other individuals who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. All of the details of the investigation are not included in this affidavit, only information necessary to establish probable cause that on or about December 15, 2009, Herbert E. Myles did knowingly possess, in or affecting interstate commerce, a firearm after having been convicted of a felony punishable by imprisonment for a term exceeding one year in violation of Title 18 U.S.C. § 922(g)(1).

3. On or about December 15, 2009, Officers Fuller and Barnes of the Dayton Police Department were on patrol when they observed an individual crouching in a suspicious manner next to the corner of 935 Custer Place in the Desoto Bass housing complex, which is considered a high crime area. The subject was later positively identified as Herbert E. Myles. When Officer Fuller exited his patrol vehicle and made verbal contact with Myles, he suddenly turned and ran away. As he pursued Myles on foot, Officer Fuller observed Myles reach into the right pocket of his jacket and pull out what Officer Fuller described as a large, machine-gun style pistol with a curved magazine in it. Myles threw the gun and continued to flee with Officer Fuller in pursuit shouting verbal

commands for him to stop and advising him he was under arrest. Officer Fuller observed Myles open the front door and enter the residence of 29 Upton Place and pursued him into the house, where he and Officer Barnes eventually located and apprehended Myles in an upstairs bedroom.

4. Immediately after taking Myles into custody, Officer Fuller went back to the location where he observed Myles pull the firearm from the pocket of his jacket and throw it. Officer Fuller located and retrieved the firearm. The firearm was examined and determined to be an Intratec model TEC-22, .22LR caliber semi-automatic pistol bearing serial number 031075. It was loaded with sixteen (16) .22LR caliber cartridges. Officers secured the firearm and it was eventually sent to the Miami Valley Regional Crime Laboratory for analysis.

5. Officer Fuller and Detective Phillips interviewed Myles at the Montgomery County Jail after his arrest. Detective Phillips advised Myles of his Miranda rights by using a Dayton Police Pre-Interview Form. Myles agreed to waive his rights and answer questions from the officers. During the interview, Myles admitted he possessed the firearm and said he had borrowed it from a friend. He further advised he had just completed a drug transaction of heroin only moments before the police arrived and confronted him.

6. Firearms and Tool Mark Examiner Chris Monturo of the Miami Valley Regional Crime Laboratory examined the firearm and found it was missing the firing pin. However, it is Monturo's expert opinion that the Intratec model TEC-22, .22LR caliber semi-automatic pistol bearing serial number 031075 is a weapon which will expel a projectile by the action of an explosive.

7. Your affiant consulted with ATF SA John Tilton, an Interstate Nexus Expert, regarding the place of manufacture of the Intratec model TEC-22, .22LR caliber semi-automatic pistol bearing serial number 031075. According to SA Tilton, this firearm is not manufactured in the state of Ohio. By virtue of this fact, the firearm has travelled in interstate commerce.

8. Your affiant researched the criminal history of Herbert Myles and found him to be a convicted felon. Court records indicate Myles was convicted in the Court of Common Pleas, Franklin County, Ohio on or about March 17, 2009 for Possession of Drugs under case number 08 CR 003123, a felony for which he could have been sentenced to greater than one year of imprisonment. SA McCormick spoke with Supervisory Probation Officer Dan Wonderlich who confirmed the felony conviction of Myles.

9. Based on the facts set forth above, your affiant believes probable cause exists to believe Herbert E. Myles did knowingly possess, in or affecting interstate commerce, a firearm after having been convicted of a felony punishable by imprisonment for a term exceeding one year in violation of Title 18 U.S.C. § 922(g)(1).

Further affiant sayeth naught.

Daryl S. McCormick
Special Agent, ATF
Dayton, Ohio

Subscribed and sworn to before me this 11th day of February, 2010.

Hon. Sharon L. Ovington
United States Magistrate Judge
Dayton, OH